9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffrey BECKER, Trustee, Titus Family Preservation Trust,
Plaintiff-Appellant,
v.
John C. DOUGHERTY and Paul Borock, U.S. Trustee, and all
Other Unknown Claimants, individually, jointly and
severally, Defendants-Appellees.
 No. 92-2160.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1993.
 
 Before KEITH and KENNEDY, Circuit Judges, and JORDAN, District Judge.*
 PER CURIAM:
 
 
 1
 This case stems from bankruptcy proceedings following William E. Dalby's petition in bankruptcy. In 1981, Ernest Chetwood died and Dalby was appointed the personal representative of his estate. During the course of his representation, Dalby was ordered by the Oakland County Probate Court to return $40,000.00 to the probate estate which his daughter illegally removed.
 
 
 2
 Following entry of the above judgment, Dalby filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Michigan. During the course of the bankruptcy proceedings, the bankruptcy trustee, defendant Paul Borock, filed various adversary proceedings to obtain property for the benefit of the estate. Borock alleged that the debtor, Dalby, fraudulently transferred property to certain trusts established for the benefit of the debtor's family and others.
 
 
 3
 Among the property in dispute was 5130 Seymour Lake Road, Oxford, Michigan. The bankruptcy court entered default judgment against the debtor, which was later affirmed by this Court. Borock's attorney, John C. Dougherty, served a Notice to Quit and Termination of Tenancy to the residents of the Seymour Lake property, and Deputy United States Marshals changed the locks on the house and posted Order of Default and No Trespassing signs.
 
 
 4
 At this time, Appellant Becker filed this suit in Oakland County Circuit Court, in Michigan. The case was subsequently removed to the United States District Court for the Eastern District of Michigan. Becker alleged that he was a trustee of the Titus Family Preservation Trust and that the Trust holds an interest in the Seymour Lake property. Becker requested the District Court to remove the Notice of Lis Pendens on the Seymour Lake property which Borock filed before obtaining a default judgment. In addition, he asked the district court to set aside the default judgment on the ground that Borock never served him with a summons and copy of the complaint.
 
 
 5
 On June 12, the District Court ordered Becker to appear at a Show Cause Hearing. In the Show Cause Order, the court ordered Becker to address four issues. First, the court directed Becker to show that he had standing to pursue this suit. Second, the court ordered Becker to show why the doctrine of absolute quasi-judicial immunity did not bar his claim. Third, the Court directed Becker to clarify his claim against John C. Dougherty. Finally, the court ordered Becker to show cause why the court should not sanction him for bringing a frivolous lawsuit.
 
 
 6
 The Show Cause Hearing was held on June 29, 1992. On July 31, 1992 the court issued an order granting summary judgment in favor of Borock and Dougherty and imposing sanctions against Becker for bringing a frivolous lawsuit. The court found that Becker failed to show he had standing to pursue the lawsuit and failed to show why he should not be sanctioned for bringing a frivolous lawsuit.
 
 
 7
 Having carefully considered the record and issues presented in the briefs and at oral argument, we find no error warranting reversal. Therefore, we AFFIRM the decision of the Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, for the reasons stated in his July 31, 1992 order.
 
 
 
 *
 The Honorable Leon Jordan, United States District Court for the Eastern District of Tennessee, sitting by designation